UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOEL SCHWARTZ, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:19-cv-01875-AGF |
| CINCINNATI LIFE INSURANCE. | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Joel Schwartz filed this breach-of-contract action in Missouri state court on May 30, 2019. Plaintiff asserted that he was the primary beneficiary of a life insurance policy that Defendant issued on the life of Ricky Dean Cain. Cain died on or about December 1, 2018. Defendant removed the action to this Court on July 2, 2019, asserting that the Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Specifically, Defendant asserted that Plaintiff was a citizen of Missouri, Defendant was a citizen of Ohio, and the amount in controversy exceeded the jurisdictional minimum because the insurance policy in question provides benefits to the beneficiary in the amount of $200,000. ECF No. 1.

The matter is now before the Court on the motion (ECF No. 14) of Kurt A. Schmid, Personal Representative of the Estate of Ricky Dean Cain (the "Estate"), to intervene in this matter pursuant to Federal Rule of Civil Procedure 24. Schmid asserts that he has been appointed as the personal representative of the Estate by the Probate Division of the Circuit Court of the City of St. Louis, Missouri, and that the Estate is the

true beneficiary of the subject insurance policy. Schmid asserts that he may intervene on behalf of the Estate as of right under Rule 24(a)(2) because the Estate has an interest relating to the property that is the subject of this action and is so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest. Alternatively, Schmid seeks permissive intervention under Rule 24(b). Schmid's motion seeks intervention as a party-plaintiff. No party has opposed Schmid's motion, and the time to do so has passed.

The Court will deny Schmid's motion without prejudice because Schmid has not complied with Rule 24(c)'s requirement that the motion "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). "This requirement is not merely a procedural formality, but is integral to the Court's necessary analysis of the legal rights asserted by the intervenor, and concomitant issues such as standing and jurisdiction." *St. Charles Tower, Inc. v. Cty. of Franklin, Mo.*, No. 4:09CV987-DJS, 2009 WL 3852462, at *1 (E.D. Mo. Nov. 17, 2009).

Indeed, Schmid does not explain the basis for the Court's subject-matter jurisdiction over his proposed claim. It is not at all clear that the Court would have jurisdiction. Although the motion to intervene does not identify the citizenship of the proposed intervenor, if the proposed intervenor is a citizen of Missouri, and thus shares citizenship with the existing Plaintiff, the Court questions whether it would have jurisdiction, at least as the case is currently structured.

Federal courts have denied motions to intervene in diversity cases where the proposed intervenor is a citizen of the same state as a party against whom the intervenor

2

would be aligned if intervention were allowed.  *See, e.g.*, *Estate of McFarlin ex rel. Laass v. City of Storm Lake*, 277 F.R.D. 384, 388 (N.D. Iowa 2011); *see also Griffin v. Lee,* 621 F.3d 380, 390 (5th Cir. 2010) (interpreting the jurisdictional exclusions in 28 U.S.C. § 1367(b) to mean that persons who fall within the exclusions may not be joined to a federal action); 28 U.S.C. § 1367(b) (holding that in civil actions proceeding in a district court based solely on diversity jurisdiction under 28 U.S.C. § 1332, the district court "shall not have supplemental jurisdiction" over "claims by plaintiffs against persons made parties under Rule . . . 24" or "over claims by persons . . seeking to intervene as plaintiffs under Rule 24," if "exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332").

Although Schmid seeks intervention as an "Intervenor Plaintiff," when "ascertaining the proper alignment of parties for jurisdictional purposes, courts have a 'duty' to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'"  *Griffin*, 621 F.3d at 388  (citing *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.,* 314 U.S. 63, 69 (1941)).  Thus, the Court would have to first determine whether the proposed intervenor and the existing Plaintiff are on the same or opposite sides.

"[A]n interpleader structure is often used in cases involving disinterested insurance companies and claimants asserting entitlement to insurance proceeds." *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 704 (3d Cir. 1996).  In such cases, diversity may be satisfied "where a stakeholder is diverse from its claimants." *Id.* at 703.  But no statutory or Rule 22 interpleader action has been filed by the Defendant insurance

3

company in this case, and no party has asserted that an interpleader structure is appropriate.

For the foregoing reasons, the Court will deny Schmid's motion to intervene, without prejudice, as a result of Schmid's failure to comply with Rule 24(c). Any future motion to intervene must fully comply with Rule 24, including Rule 24(c), and must set forth the basis for this Court's jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Kurt A. Schmid's motion to intervene is **DENIED without prejudice**, as set forth above. ECF No. 14.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2019.