UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOEL SCHWARTZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 4:19-cv-01875-AGF |
| | ) |
| CINCINNATI LIFE INSURANCE, | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Joel Schwartz filed this breach-of-contract action in Missouri state court on May 30, 2019. Plaintiff asserted that he was the primary beneficiary of a life insurance policy that Defendant issued on the life of Ricky Dean Cain. Cain died on or about December 1, 2018. Defendant removed the action to this Court on July 2, 2019, asserting that the Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Specifically, Defendant asserted that Plaintiff was a citizen of Missouri, Defendant was a citizen of Ohio, and the amount in controversy exceeded the jurisdictional minimum because the insurance policy in question provides benefits to the beneficiary in the amount of $200,000. ECF No. 1.

The matter is now before the Court on the second motion (ECF No. 18) of Kurt A. Schmid, Personal Representative of the Estate of Ricky Dean Cain (the "Estate"), to intervene in this matter pursuant to Federal Rule of Civil Procedure 24. Schmid asserts that he has been appointed as the personal representative of the Estate by the Probate Division of the Circuit Court of the City of St. Louis, Missouri, and that the Estate, rather than Plaintiff, is the beneficiary of the subject insurance policy. Schmid asserts that he may intervene on behalf

the Estate as of right under Rule 24(a)(2) because the Estate has an interest relating to the property that is the subject of this action and is so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest.  Alternatively, Schmid seeks permissive intervention under Rule 24(b).  Schmid's motion seeks intervention as a party-plaintiff.  No party has opposed Schmid's motion, and the time to do so has passed.

The Court previously denied Schmid's motion without prejudice because Schmid failed to comply with Rule 24(c)'s requirement that the motion "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  As the Court explained, attachment of a pleading was necessary to analyze the "legal rights asserted by the intervenor, and concomitant issues such as standing and jurisdiction."  *See St. Charles Tower, Inc. v. Cty. of Franklin, Mo.*, No. 4:09CV987-DJS, 2009 WL 3852462, at *1 (E.D. Mo. Nov. 17, 2009).  The Court noted that Schmid had not explained the basis for the Court's subject-matter jurisdiction and that it was not at all clear the Court would have jurisdiction.  The Court cautioned that, although Schmid had not identified his citizenship, if he shared citizenship with the existing Plaintiff, it was questionable whether the Court would have jurisdiction, at least as the case is currently structured.  Thus, the Court ordered that any future motion to intervene by Schmid must fully comply with Rule 24, including Rule 24(c), and must set forth the basis for this Court's jurisdiction.  ECF No. 16.

Schmid has now refiled his motion, this time attaching a complaint (ECF No. 20) setting out his claim.  In the complaint, Schmid alleges that he is, and the decedent was, a resident of Missouri; the existing Plaintiff, Schwartz, is likewise a resident of Missouri; and the existing Defendant is a citizen of Ohio.  Notwithstanding the Court's prior Order, Schmid still does not

allege the basis for the Court's subject-matter jurisdiction, either in his complaint or in his motion.

As the Court previously held, federal courts have denied motions to intervene in diversity cases where the proposed intervenor is a citizen of the same state as a party against whom the intervenor would be aligned if intervention were allowed. *See, e.g.*, *Estate of McFarlin ex rel. Laass v. City of Storm Lake*, 277 F.R.D. 384, 388 (N.D. Iowa 2011); *see also Griffin v. Lee,* 621 F.3d 380, 390 (5th Cir. 2010) (interpreting the jurisdictional exclusions in 28 U.S.C. § 1367(b) to mean that persons who fall within the exclusions may not be joined to a federal action); 28 U.S.C. § 1367(b) (holding that in civil actions proceeding in federal court based solely on diversity jurisdiction under 28 U.S.C. § 1332, the district court "shall not have supplemental jurisdiction" over "claims by plaintiffs against persons made parties under Rule . . . 24" or "over claims by persons . . seeking to intervene as plaintiffs under Rule 24," if "exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332").

Although Schmid seeks intervention as an "Intervenor Plaintiff," when "ascertaining the proper alignment of parties for jurisdictional purposes, courts have a 'duty' to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" *Griffin*, 621 F.3d at 388 (citing *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.,* 314 U.S. 63, 69 (1941)). "[A]n interpleader structure is often used in cases involving disinterested insurance companies and claimants asserting entitlement to insurance proceeds." *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 704 (3d Cir. 1996). In such cases, diversity may be satisfied "where a stakeholder is diverse from its claimants." *Id.* at 703. But no Rule 22 or statutory interpleader

action has been filed by the Defendant insurance company in this case, and no party has asserted or shown that an interpleader structure is appropriate.

Plaintiff and Schmid are adverse parties because they assert opposing claims to the same insurance proceeds. Absent an interpleader structure, Plaintiff's and Schmid's shared Missouri citizenship destroys diversity. *Cf. Kerrigan's Estate v. Joseph E. Seagram & Sons*, 199 F.2d 694, 696–97 (3d Cir. 1952) (upholding, "with some hesitancy," a district court's exercise of diversity jurisdiction over a dispute between an executor of an estate and a relative of the deceased, both Pennsylvania residents, over entitlement to contractual proceeds only because the parties entered into a stipulation to proceed under an interpleader structure). Because Schmid has not alleged any basis for the Court's subject-matter jurisdiction, and none is apparent from the Court's review of the pleadings, the Court will again deny Schmid's motion to intervene without prejudice, for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Kurt A. Schmid's motion to intervene is **DENIED without prejudice**. ECF No. 18.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2019.