UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOEL SCHWARTZ, | ) |
| | ) |
| Plaintiff/ | ) |
| Counterclaim Defendant, | ) |
| | ) |
| v. | ) Case No. 4:19-CV-01875 SEP |
| | ) |
| CINCINNATI LIFE INSURANCE CO., | ) |
| | ) |
| | ) |
| Defendant/Counterclaimant/ | ) |
| Third Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KURT A. SCHMID, | ) |
| (as Personal Representative of the | ) |
| Estate of Ricky Dean Cain), | ) |
| | ) |
| Third Party Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Joel Schwartz's ("Schwartz") Motion for Leave to File Counterclaim Out of Time. Doc. [41]. For the reasons stated below, Schwartz's Motion is **DENIED without prejudice** for failure to comply with Local Rule 4.01 and failure to show good cause for his delayed filing.

Under Rule 4.01(A) of this Court's Local Rules, movants are required to file "with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies." Schwartz failed to file such a memorandum. He similarly failed to inform the Court of any relevant argument or authority supporting his Motion.

Moreover, though he ostensibly seeks to file a counterclaim to Defendant's counterclaim, Schwartz essentially seeks to amend his Complaint. *Lincoln Sav. Bank v. Open Solutions, Inc.*,

956 F.Supp.2d 1032, 1040 ("several courts have treated counterclaims to counterclaims as an amendment to the pleadings"); *see also Erickson v. Horing*, No. 99–1468 (JRT/FLN), 2000 WL 35500986, at *10 (D. Minn. Oct. 23, 2000) ("Even where a counterclaim in reply is permissible, courts have observed that it is preferable to treat such a pleading as an amendment to the complaint."). And "where, as here, a party seeks leave to amend a pleading outside the deadline established by the court's scheduling order, the party must satisfy the good cause standard of Rule 16(b)(4) rather than the more liberal standard of Rule 15(a)." *Nine v. Williams*, No. 4:11–CV–353 (CEJ), 2012 WL 3815627, at *2 (E.D. Mo. Sept. 4, 2012) (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)). Schwartz has not satisfied Rule 16's good cause standard; therefore, the Court cannot grant him permission to amend his pleading.

In order to amend his Complaint at this stage in the litigation, Schwartz must file a memorandum in support of his Motion for Leave to File Counterclaim Out of Time *and* he must show good cause for his delay.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Joel Schwartz's Motion for Leave to File Counterclaim Out of Time (Doc. [41]) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Schwartz shall have until March 2, 2020, to file a memorandum in support of his Motion for Leave to File Counterclaim Out of Time.

So ordered this 24th day of February, 2020.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE