**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOEL SCHWARTZ, | ) |
| | ) |
|     Plaintiff/ | ) |
|     Counterclaim Defendant, | ) |
| | ) |
| v. | )    Case No. 4:19-cv-01875 SEP |
| | ) |
| CINCINNATI LIFE INSURANCE CO., | ) |
| | ) |
|     Defendant/Counterclaimant/ | ) |
|     Third Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KURT A. SCHMID, | ) |
| (as Personal Representative of the | ) |
| Estate of Ricky Dean Cain), | ) |
| | ) |
|     Third Party Defendant. | ) |

**Memorandum and Order**

This matter is before the Court on Defendant/Counterclaimant/Third Party Plaintiff Cincinnati Life Insurance Company's ("Cincinnati Life") Motion for Discharge and Dismissal (Doc. [38]). For the reasons below, Cincinnati Life's Motion is denied.

**I.  Background**

Plaintiff Joel Schwartz ("Schwartz") filed this breach of contract action in Missouri state court on May 30, 2019. Schwartz asserted that he was the primary beneficiary of a life insurance policy that Cincinnati Life issued on the life of Ricky Dean Cain. Cain died on or about December 1, 2018. Cincinnati Life removed the action to this Court on July 2, 2019, asserting that the Court had diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Specifically, Cincinnati Life asserted that Schwartz was a citizen of Missouri, Cincinnati Life was a citizen of

1

Ohio, and the amount in controversy exceeded the jurisdictional minimum because the insurance policy in question provides benefits to the beneficiary in the amount of $200,000.  Doc. [1].

Thereafter, Kurt A. Schmid ("Schmid"), Personal Representative of the Estate of Ricky Dean Cain (the "Estate"), sought and, on September 19, 2019, was denied leave to intervene in this matter under Federal Rule of Civil Procedure 24.  Schmid asserted that he had been appointed as the personal representative of the Estate by the Probate Division of the Circuit Court of the City of St. Louis, Missouri, and that the Estate, rather than Schwartz, was the beneficiary of the subject insurance policy.  The Court denied Schmid's motion to intervene because Schmid had not alleged any basis for the Court's subject-matter jurisdiction.  *See* Doc. [22].  As the Court explained, no interpleader action had been filed at that time, and absent an interpleader structure, Schwartz and Schmid's shared Missouri citizenship would have destroyed the Court's diversity jurisdiction.

On December 30, 2019, the Court granted Cincinnati Life leave to file a Counterclaim and Third-Party Complaint in Interpleader ("Counterclaim") under Federal Rule of Civil Procedure 22.  Doc. [31].  Cincinnati Life's Counterclaim listed Schwartz and Schmid (as Personal Representative of the Estate) as counterclaim and third-party defendants, respectively.  Doc. [32].  One month later, Cincinnati Life filed the instant Motion for Discharge and Dismissal.  Doc. [38].  To date, Schwartz and Schmid have not responded to Cincinnati Life's Complaint or its Motion, and their time for doing so has passed.

**II.     Discussion**

Cincinnati Life moves to be dismissed from this action under the federal interpleader statute, 28 U.S.C. § 1335.  Doc. [39] at 2.  That statute grants federal district courts jurisdiction over interpleader claims whenever the amount in controversy exceeds $500, the interpleader-

plaintiff has deposited the contested funds in the court registry, and minimal diversity exists between adverse claimants.  28 U.S.C. § 1335.  Minimal diversity exists when there is "diversity of citizenship between two or more claimants." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967).  "If these requirements are met, the court may dismiss the disinterested stakeholder from the interpleader action, leaving the claimants to prosecute their conflicting claims." *Prudential Ins. Co. of America v. Herzog*, No. 4:16-CV-01306 (CEJ), 2017 WL 1477142, at *2 (E.D. Mo. Apr. 25, 2017).

Cincinnati Life has not satisfied the requirements for dismissal under 28 U.S.C. § 1335.  Schwartz and Schmid are the only claimants to the insurance proceeds in this case, and they are both Missouri residents.  Doc. [22] at 4.  Minimal diversity is therefore lacking, making dismissal of Cincinnati Life impossible under 28 U.S.C. § 1335.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cincinnati Life Insurance Company's Motion for Discharge and Dismissal (Doc. [38]) is **DENIED** without prejudice.

Dated this   24th   Day of August, 2020.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] Because the issue was not raised in the instant motion, the Court expresses no opinion as to whether Cincinnati Life may seek dismissal under Federal Rule of Civil Procedure 22.  *See, e.g.*, *Leimbach v. Allen*, 976 F.2d 912, 916-17 (4th Cir. 1992); *see also Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 976-77 (8th Cir. 2016).